UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WICUE USA, INC,<br>a California Corporation,<br><br>      Plaintiff,<br>  v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>      Defendants. | Case No.: 1:24-cv-9029<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff WICUE USA, INC. ("Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction as to all Defendants identified in Schedule "A".

1

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Plaintiff WICUE USA, INC. ("Plaintiff") brings the present action against the Defendants identified in Schedule "A" (collectively, "Defendants") for patent infringement. As alleged in the Complaint, Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use unlicensed products (the "Accused Products"), namely the multicolor liquid crystal writing devices embodying one or more claims of Plaintiff's federally registered patent US 11,143,898 B2 (the "Asserted Patent") through the fully interactive e-commerce stores[1] operating under the Defendants' seller aliases identified in Schedule A.

**II.     STATEMENT OF FACTS**

On September 29, 2025, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order. [30]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail to the e-mail addresses provided by third parties for Defendants that includes a link to said website as well as copies of the documents to be served. *Id.* at ¶ 5. Pursuant to the terms of the TRO, Plaintiff served Amazon with a copy of the TRO via email, requesting the removal of the listings associated with the Accused Products. Plaintiff also served the Complaint, the TRO and other relevant documents on Defendants via email and website posting on October 17, 2025. [44]; *See* Declaration of Faye Yifei Deng, at ¶ 2. Since and pursuant to the entry of the TRO, Amazon has removed the listings for the Accused Products. *Id.*

---

[1] The e-commerce store URLs are listed on Schedule A under the Online Marketplaces.

2

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the offering for sale and sale of Accusesd Products during the pendency of this litigation.

## ARGUMENT

**A Preliminary Injunction Extending Relief Already Granted In The TRO Is Appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based infringement, has also issued preliminary injunction following a temporary restraining order. *See, e.g., Dyson Technology Limited v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule "A"*, No. 24-cv-07244 (N.D. Ill. Nov. 12, 2024).

    i.    <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.,* No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citation omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardship tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

//

    ii.    <u>The Equitable Relief Sought Remains Appropriate</u>

The Patent Act authorizes court to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

Plaintiff requests conversion of the TRO to a preliminary injunction so that the listings associated with the Accused Products remain inactive. In the absence of a preliminary injunction, Defendants may attempt to register and acquire new domain name or seller aliases for the purpose of offering for sale and selling the Accused Products.

### III. CONCLUSION

In view of the foregoing, Plaintiff WICUE USA, INC. respectfully requests that this Court enter the preliminary injunction as to the Defendants identified in the Schedule "A" to the Complaint.

Date: October 22, 2025

Respectfully submitted,

*/s/ Faye Yifei Deng*
Michael A DiNardo
Faye Yifei Deng
YK Law, LLP
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Email: mdinardo@yklaw.us
Email: fdeng@yklaw.us
Tel: (213) 401-0970
Fax: (213) 529-3044

*Attorneys for Plaintiff WICUE USA, INC.*