## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WICUE USA, INC, | |
| Plaintiff, | Case No. 1:24-cv-09029 |
| V. | Judge Andrea R. Wood |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Magistrate Judge Keri L. Holleb Hotaling |
| Defendants | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR DEFAULT JUDGMENT AGAINST ALL REMAINING DEFENDANTS

Plaintiff Wicue USA, Inc. ("Plaintiff"), by its counsel, submits the following memorandum in support of its Motion for Default Judgment against Defendants ROLWAY Direct, YiQun, zhongke us, SchwarzMarkt, PYTTUR, Bulaisite SmartToys, ZENZAL, buildhomes, hechenmaoyiyouxiangongsi that are identified on Schedule A to the Complaint (collectively "Defaulting Defendants"), based on Plaintiff's action for infringement of its U.S. Patent No. 11,143898 (the "'898 Patent").

## STATEMENT OF FACTS

Plaintiff is the sole lawful owner of all right, title, and interest in and to the '898 Patent. Complaint [1] at ¶ 1. The patent was duly and legally issued by the United States Patent Office on October 12, 2021 and is valid, subsisting, and in full force and effect. *Id.* Plaintiff has produced and distributed its own multicolor liquid crystal writing tablets embodying one or more claims of the '898 Patent, under the Wicue brand. *Id.* at ¶¶ 2, 12. Plaintiff's Wicue branded products are well established on Amazon and enjoy quality customer reviews and high ratings. *Id.* at ¶ 12.

Defaulting Defendants have offered for sale and sold multicolor liquid crystal writing tablets using the '898 Patent without authorization or license (the "Infringing Products"). *Id.* at ¶¶ 14, 23. Each Defaulting Defendant directs business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their Seller Aliases. *Id.* at ¶ 7. Additional factual assertions regarding Defaulting Defendants in Paragraphs 14-25 of the Complaint are incorporated herein. *Id.* at ¶¶ 14-25.

Plaintiff filed this action on September 26, 2024. [1]. On September 29, 2025, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [30]. The Court extended the TRO [56]. Paragraph 5 of the TRO permitted Plaintiff to complete service of process to Defaulting Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and sending an e-mail to the e-mail addresses provided for Defaulting Defendants by third parties that includes a link to said website as well as copies of the documents to be served. [30] at ¶ 5. Defaulting Defendants were properly served on October 17, 2025. [44]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Faye Yifei Deng (the "Deng Declaration") at ¶ 2.

By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five years; (2) sales data, (3) every financial account used by Defaulting Defendants to receive sales proceeds for the Infringing Products, and (4) license and settlement agreement. Deng Declaration at ¶ 2. Limited information provided by Amazon indicates that the known revenue generated by some Defaulting Defendants from the sale of the Infringing Product is up to at least $2,659,417. Deng Decl. at ¶ 4. Plaintiff does not have any infringing sales information

for other potential Infringing Products sold by Defaulting Defendants through Amazon or other online marketplaces.

Pursuant to Federal Rule of Civil Procedure 55 (b)(2), Plaintiff moves this Court for a default judgment finding that Defaulting Defendants identified on Schedule A are liable on Count I patent infringement of Plaintiff's Complaint. Fed. R. Civ. P. (b)(2). Plaintiff further seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products and an Order awarding Plaintiff compensatory damages in the form of a reasonable royalty.

## ARGUMENT

### I.     Jurisdiction and Venue Are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C.§ 1331. *See* Dkt. No. 1. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff' business within this Judicial District. *Id.*; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to consumers in the United States, including the State of Illinois. [1] at ¶¶ 7, 19. Personal jurisdiction exists over Defaulting

Defendants since they directly target their business activities toward consumers in the United States, including Illinois. *Id.* Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *Id. See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see also Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

## II.      Plaintiff Has Met the Requirements For Entry Of Default

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On September 26, 2024, Plaintiff filed its Complaint alleging patent infringement pursuant to 35 U.S.C. § 271. [1]. The Defaulting Defendants were properly served on October 17, 2025. [44]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled or appeared in this action. Deng Declaration at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III.      Plaintiff Has Met the Requirements For Entry Of Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defaulting Defendants on October 17, 2025. [44]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Pursuant to 35 U.S.C. § 289, Plaintiff requests a damage award in the form of a reasonable royalty. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infringing Products.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that it is the lawful owner of all right, title, and interest in and to the '898 Patent. [1] at ¶ 1. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products that infringe at least claim 1 of the '898 Patent. *Id.* at ¶ 27; Exhibit C to the Complaint. Plaintiff has not granted a license or any other form of permission to Defaulting Defendants to use the '898 Patent. [1] at ¶¶ 13, 23.

Defaulting Defendants have infringed the '898 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defaulting Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the '898 Patent. *Id.* at ¶ 28. Plaintiff is entitled to injunctive relief enjoining Defaulting Defendants from infringing the '898 Patent. *Id.* at ¶ 30. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment for patent infringement against the Defaulting Defendants identified on Schedule A.

### IV. Plaintiff Is Entitled to Permanent Injunctive Relief

Pursuant to 35 U.S.C. § 283, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff' rights in the '898 Patent, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO [30]. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

### V. Plaintiff is Entitled to Recover a Reasonable Royalty

Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to compensatory "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. A reasonable royalty "may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). An established royalty is the royalty the patentee uniformly receives when it licenses its invention to others for use comparable to the defendant's infringing use. *Monsanto Company v. McFarling*, 488 F.3d 973, 979 (Fed. Cir. 2007). The hypothetical negotiation approach "requires the court to envisions the terms of a licensing agreement reached as a

result of a supposed meeting between the patentee and the infringer at the time the infringement began." *Rite-Hite Corp.*, 56 F.3d at 1554. A reasonable royalty rate can be established by one of two methods, either (1) "the infringer's projection of profit for the infringing product or (2) to base the calculation on an established royalty, if there one." *Sloan Valve Co. v. Zurn Indus.*, 33F. Supp. 3d 984, 990 (N.D. Ill. 2014) (citing *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009).

In *Georgia-Pacific Corp.*, the court identified a non-exclusive list of factors to guide the hypothetical negotiation analysis for determining a reasonable royalty in a patent infringement case. Relevant factors here include, (1) established royalty, (2) commercial relationship of licensor and licensee, (3) patent duration, (4) nature of the invention, (5) infringer's use, (6) customary profit portion, (7) established profitability, (8) portion attributable to invention, and (9) hypothetical negotiation. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Here, Plaintiff has licensed the patent-in-suit to its affiliate for a fixed annual license fee of $150,000 plus 10% of sales. *See* **Exhibit 1**. Had any Defaulting Defendant approached Plaintiff to negotiate a license for the paten-in-suit, Plaintiff would not have accepted a royalty rate lower than that paid by its affiliate for use of the same patent. Declaration of Shawn Shi ("Shi Decl.") at ¶ 3. The patent-in-suit will remain in force through 2039 and is generally applicable to LED writing devices, which are basic consumer household products. The Defaulting Defendants used the patent-in-suit in connection with their infringing LED writing tablets. Because the patented inventive film constitutes the product itself, apportionment under factor (8) is not applicable.

In addition, Plaintiff's gross profit margin for the sales of products covered by the patent-in-suit over the past five years ranges from 24.74% to 33.08%. *Id.* at ¶ 4. The gross revenue gross profit margin for other sellers of similar (non-infringing) LED writing devices ranges from 10% to 23%. *Id.* at ¶ 5. Based on the existing license agreement, customary profit portion, and Plaintiff's historical

gross profit margin, Plaintiff submits that a reasonable royalty applicable to the Defaulting Defendants is no less than 10% of infringing sales.

According to sales data provided by Amazon, the Defaulting Defendants collectively sold a combined 459,602 units of Infringing Products, generating total sales of $5,764,601.23. Deng Decl. at ¶ 4. Therefore, Plaintiff's compensatory damages, in the form of a reasonable royalty calculated at 10% of infringing sales, against each Defaulting Defendant is as follows:

| Defaulting Defendant Name | Unite Sold | Infringing Revenue | Reasonable Royalty |
|---|---|---|---|
| ROLWAY Direct | 147,255 | $1,556,569.59 | $155,656.96 |
| QIANGQIBING | 42,161 | $420,555.77 | $42,055.58 |
| zhongke us | 9,750 | $162,945.25 | $16,294.53 |
| SchwarzMarkt | 183,062 | $2,659,418.03 | $265,941.80 |
| PYTTUR | 25,943 | $428,282.12 | $42,828.21 |
| Bulaisite SmartToys | 4,025 | $24,347.72 | $2,434.77 |
| ZENZAL | 22,931 | $252,387.77 | $25,238.78 |
| buildhomes | 4,573 | $37,137.08 | $3,713.71 |
| hechenmaoyiyouxiangongsi | 19,902 | $222,957.90 | $22,295.79 |

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against each Defaulting Defendant, award a reasonable royalty against Defaulting Defendants identified in Schedule A under 35 U.S.C. § 284, and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products.

Date: December 22, 2025

Respectfully submitted,

*/s/ Faye Yifei Deng*
Michael A. DiNardo
Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: mdinardo@yklaw.us
Email: fdeng@yklaw.us
*Attorney for Plaintiff WICUE USA, INC.*